**SANDERS v. LEECH et al.**

**Civ. No. 137.**

District Court, N. D. Florida,
Tallahassee Division.

Feb. 26, 1946.

Julius F. Parker and Leo L. Foster (of Parker & Foster), both of Tallahassee, Fla., for plaintiff.

A. Frank O'Kelley, Jr. (of Keen & O'Kelley), of Tallahassee, Fla., and Lawrence A. Truett (of Ausley, Collins & Truett), of Tallahassee, Fla., for defendants.

LONG, District Judge.

The above case came on regularly for hearing on the merits and was tried to the Court without a jury, no jury having been demanded, and at a hearing on the pleadings held in Chambers on the 30th day of January, A. D. 1946, it was determined that the only two issues to be tried to the Court are the issues as to negligence and damages.

### Findings of Fact

This suit was originally brought in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, and was by an order of the Judge transferred to the District Court of the Northern District of Florida upon proper application.

The declaration is in a number of counts alleging negligence against these defendants. The answer of the defendants admits the allegation of the declaration that at the time and place alleged the plaintiff was proceeding in a westerly direction on a motorcycle; admits the collision between the motorcycle and the automobile; admits that the defendant, Brice Leech, owned the automobile and permitted his son, the defendant Joseph C. Leech, to use such automobile and to operate it upon the highways of Florida; admits that Joseph C. Leech was riding as a passenger in such car at the time of the collision; that the car was driven by the defendant, John R. Leinen, with the consent of the defendant, Joseph C. Leech; denies the negligence of either defendant.

The answer admits the injury sustained as a result of the collision of the vehicles and pleads contributory negligence.

The facts established by the admissions in the answer and by the evidence produced at the trial are that the defendant, Joseph C. Leech, was in possession, custody and control of a certain automobile entrusted to his care by his father, the defendant, Brice Leech, which automobile was being driven at the time of the accident by the defendant, John R. Leinen, the defendant, Joseph C. Leech, being a passenger in the car and asleep at the time of the collision.

These two young men, John R. Leinen and Joseph C. Leech, were in the Armed Forces and attached to Dale Mabry Field near Tallahassee, Florida. Preceding the accident in the early hours of Monday morning these young gentlemen, together with some officer friends, had driven to Panama City, Florida, where they had enjoyed themselves during Saturday night and Sunday. At about 9 o'clock on Sunday evening they had had some drinks at a cafe, or night club, a short distance from Panama City, which consisted of some four bottles of beer each. After escorting the young ladies home they left for their posts near Tallahassee. The patrol officer who made an investigation of the accident testifies that young Leech and Leinen told him they had stopped on the way and had a drink, anyway, they left Panama City about 2 o'clock in the morning, Leinen driving and Leech in the center of the front seat, Lt. Lischer, another officer, on Leech's right and sitting on the outside. This officer was engaged in playing the radio. On the back seat there were two other young officers, one Lt. Scott, who was very much under the influence of liquor, and Lt. Bosworth. The defendant, Joseph C. Leech, and the two officers on the rear seat were asleep. They had reached a point some few miles from the town of Blountstown when the accident occurred, very near the center of a long curve some one-half mile in distance.

The testimony of Leinen is to the effect that he was driving some 45 miles per hour; that everything was normal and in an instant it happened. The testimony of Lt. Lischer, who was at the time sitting on the outside of the front seat, and who was playing the radio, is the same. Both of these witnesses state that the car was on the right side of the road and to the right of the center line. Neither of them give any evidence as to whether the car ran into the motorcycle, or whether the motorcycle ran into the car. Their evidence and the evidence of young Leech corroborates only to the effect that when he awoke, immediately after the accident, the car was on the side of the road that it should have been on. Leech undertakes to say that just before the impact occurred Mr. Leinen yelled something: "I believe it was, 'They're going to hit us!' or some-

thing, and I opened my eyes and I was riding in the front seat, in the middle, and all I could see ahead was straight road; I couldn't see any curve at all; and I could tell from the position of the car and where we were on the road that our left tire was not over the centerline." He is not corroborated in this statement as to the exclamation of the driver by either the driver or the witness Lischer.

The facts as they appear from the plaintiff's case is that Fred Sanders, 28 years of age, mechanic by trade, was proceeding westward toward Panama City, driving a motorcycle with a passenger car attached, to visit his wife and children; that he had left Tallahassee, stopped at Blountstown for a few minutes for a cup of coffee, and proceeded on his way. Occupying the side car of the motorcycle was a Corporal in the Army, who was somewhere in the Armed Forces, and whose testimony plaintiff states he was unable to procure.

It appears that this motorcycle was being driven at the rate of 25 or 30 miles per hour; that it was some 2½ or 3 feet from the center line, on the right side of the road proceeding westward; that he proceeded on his side of the road, maintaining the distance on his side of the road as above stated when the car crashed into it. After the collision it seems the partly demolished motorcycle moved some 80 or 90 feet before plaintiff fell off. The testimony of the plaintiff is direct and certain. He saw the automobile approaching in the opposite direction and as the two vehicles drew nearer to each other the automobile was leaving the center of the highway; that he pulled over a fraction; that the car was coming plenty fast. His first thought was to get out of his way, but just as he pulled to the right to get off the road the left-hand front fender of the automobile struck his motorcycle in the left side and went a few feet down the road, throwing him off the front end of the motorcycle.

The investigating officer, a member of the State Patrol, and a disinterested witness, gives testimony which establishes the fact that these two defendants, Leech and Leinen, pointed out to him the point on the highway where the accident occurred, and that all the physical evidence shows that the automobile crossed the centerline and came in contact with the motorcycle. The blood stains, marks on the road, the motorcycle, are corroborative of the testimony of the plaintiff that he was proceeding westward on that side of the road designated for vehicles going in that direction, and the positive statement of the patrol officer is that the place pointed out to him by the defendants themselves as the place where the collision took place was on that side of the road where the motorcycle was proceeding and had a right to be at the time of the accident.

The medical testimony shows defect in one eye of plaintiff, but the physician states he would be able to see with other eye at a distance.

As a result of this accident this plaintiff has lost a leg, and the partial loss of one hand, and has paid, or is obligated to bear an expense of $2,643.24.

Considering all the evidence as a whole, the testimony of the defendants, viewed in its most favorable light, does not impress that degree of certainty as to where the automobile was at the time the accident occurred, the condition of the occupants of the car as admitted to the officer, the uncertainty of their testimony, the physical evidence as revealed by the testimony of the patrolman and the photographer, but one conclusion can be reached and that is that these defendants were negligent in the operation of this automobile. There is no testimony to support the plea of contributory negligence.

### Conclusions of Law.

■ That the negligence of the defendants, John R. Leinen, and Joseph C. Leech, was the proximate cause of the injury of this plaintiff.

■ That plaintiff is not guilty of contributory negligence, and a judgment will be entered in his favor.

This cause coming on to be heard before the Court without a jury, and the Court having heard the testimony introduced in said cause, and the argument of counsel for plaintiff and defendants, the Court finds for the plaintiff and assesses his damages at $14,643.24.

It is further ordered that the plaintiff, Fred Sanders, do have and recover of and from the defendants, Joseph C. Leech, John R. Leinen, and Brice Leech the sum of $14,643.24 for which execution may issue.